**MODIFY and AFFIRM; and Opinion Filed November 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00484-CR
### No. 05-14-00485-CR

**JAIME GUERRERO LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-24287-T, F07-24288-T**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice Brown

Jaime Guerrero Lopez appeals following the adjudication of his guilt for two offenses of aggravated sexual assault of a child younger than fourteen years. The trial court assessed punishment at twenty years' imprisonment in each case. In two issues, appellant contends the trial court's judgments adjudicating guilt should be modified to show there were no plea bargain agreements and to reflect the correct statute for the offenses. We modify the trial court's judgments adjudicating guilt and affirm as modified.

The judgments adjudicating guilt recite plea bargain terms as "20 years penitentiary." The record, however, shows appellant pleaded true to the motions to adjudicate without the

benefit of plea bargains. Thus, the judgments are incorrect. Additionally, the judgments adjudicating guilt incorrectly identify the statute for the offense as "22.21 Penal Code." Appellant was convicted of aggravated sexual assault of a child younger than fourteen years under section 22.021 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014). Thus, the judgments are incorrect. We sustain appellant's two issues.

We modify the judgments adjudicating guilt to show (1) the statute for the offense is "22.021 Penal Code;" and (2) to delete "20 years Penitentiary" from the "terms of plea bargain" section. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments adjudicating guilt.


/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140484F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAIME GUERRERO LOPEZ, Appellant

No. 05-14-00484-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F07-24287-T).
Opinion delivered by Justice Brown,
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "22.021 Penal Code."

Delete "20 Years Penitentiary" from section entitled "Terms of Plea Bargain."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered November 24, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAIME GUERRERO LOPEZ, Appellant

No. 05-14-00485-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F07-24288-T).
Opinion delivered by Justice Brown,
Justices FitzGerald and Lang participating.


Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "22.021 Penal Code."

Delete "20 Years Penitentiary" from section entitled "Terms of Plea Bargain."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.


Judgment entered November 24, 2014.